**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**AUG 17 2011**

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01519-BNB

JOHN WAYNE BELKNAP,

    Plaintiff,

v.

EMILY BOND, Warden, and
GREG HEAVERLO, CMRC Unit Manager 2-B,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, John Wayne Belknap, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Cheyenne Mountain Re-entry Center in Colorado Springs, Colorado. He initiated this action by filing a *pro se* prisoner complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on June 10, 2011. Mr. Belknap filed an amended prisoner complaint on July 21, 2011. He has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

The Court must construe the amended complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Belknap will be directed to file a second amended complaint.

In the amended complaint, Mr. Belknap asserts two claims. First, he alleges that Defendant Greg Heaverlo required him to work during the Jewish holiday of Passover, in violation of his First Amendment right to practice religion. Second, he asserts that he did not receive the proper religious kosher meals for four days during the month of May 2011, in violation of his First and Eighth Amendment rights. Nonetheless, he fails to assert how Defendant Warden Emily Bond violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Belknap must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Emily Bond, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Belknap fails to assert how all named Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file a second amended complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The second amended "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Belknap may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Belknap uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, John Wayne Belknap, file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that Mr. Belknap shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Belknap fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 17th day of August, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01519-BNB

John Wayne Belknap
Prisoner No. 120568
Cheyenne Mountain Re-Entry Center
2925 E Las Vegas St
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 17, 2011.

                                         GREGORY C. LANGHAM, CLERK

                                         By: _____
                                                         Deputy Clerk